[L. A. No. 3975. Department Two.—September 17, 1917.]

CURTIS D. WILBUR, Respondent, v. JOSEPH EVERHARDY et al., Appellants.

TRIAL—REFUSAL OF CONTINUANCE—SURPRISE AND MISTAKE.—Where in an action to quiet title to certain mining claims the plaintiff introduced in evidence a deed of grant executed by defendant conveying the lands in question to the plaintiff by metes and bounds and thereupon the defendant, claiming that the deed was made by mistake and was intended to convey only placer mining rights and not to include quartz mining claim rights in the property, moved for a continuance of the trial on the ground of surprise and mistake, but it appeared from evidence that the defendant knew of the deed and its contents and had sought to rescind it because his wife, who was his codefendant, objected to it, and, although the continuance was sought for the purpose of securing the attendance of the wife, it was not made to appear that her evidence would have any material bearing on the controversy nor what the nature of her evidence would be, the motion for a continuance was properly denied.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Adolphe Danziger, for Appellants.

W. Maxwell Burke, for Respondent.

HENSHAW, J.—This appeal is from the order of the court denying defendants' motion for a new trial. Plaintiff brought his action to quiet title to twenty acres of land, property known as "The Plain View Placer Claim" and as the "Sunset Placer Claim." In establishing title plaintiff first connected defendant, Joseph Everhardy, with the property by introducing a copy of his location notice, then his deed to plaintiff of one-half of his interest in the mining claims, and, finally, a later deed of grant to the whole twenty acres described by metes and bounds. "Defendants thereupon expressed surprise at said deed, claiming that the same was made by mistake, and that it was intended by the defendant, Joseph Everhardy, to include by the conveyance thereunder only placer mining rights in the property described therein, and not to include any quartz mining claim rights in said property, and moved for a continuance on said grounds of surprise and mistake." Much evidence was introduced upon this subject matter and from that evidence it appeared that there could have been no surprise, either at plaintiff's introduction of this deed or at his contention that the defendant meant what in it he declared. It was shown that defendants' attorney actually knew, besides being charged with notice, of the existence of the deed because it was of record. It was shown that after having made the deed for a valuable consideration defendant, Joseph Everhardy, sought the rescission of the contract with a tender, or an offer of tender back, of the money he received for his deed because his wife objected. It was shown by his adviser, who took his acknowledgment to the deed, that defendant, Joseph Everhardy, knew the nature and contents of it at the time he executed it. It was shown (of course, under conflicting evidence) that the bedrock tunnel which it was urged by defendants was work done upon the quartz claims was but a drainage tunnel to relieve the placer claim from

water. But in addition to this the conveyance of the placer claim, as matter of law, included all known veins and lodes of quartz. (U. S. Rev. Stats., sec. 2320, [Comp. Stats. 1916, sec. 4615].)

Under these circumstances, since there could have been no surprise, the court would have been justified in refusing a continuance, which continuance was sought for the purpose of securing the attendance of the other defendant, the wife of Joseph. But in addition to this it is not made to appear that the evidence of the wife would have had any material bearing upon the controversy, nor yet even is it made to appear what the nature of her evidence would have been.

The order appealed from is therefore affirmed.

Melvin, J., and Shaw, J., concurred.